## Land Title Bank & Trust Co. v. Kauffman

*White & Staples*, for plaintiff.

*S. J. Gottesfeld*, for defendant.

MACNEILLE AND MILNER, JJ., April 21, 1941.—The administratrix of defendant in this case has filed a petition to strike off a judgment in ejectment entered by confession after the death of defendant. Defendant in his lifetime, to wit, on February 14, 1938, executed a second mortgage secured upon premises 1700 South Sixtieth Street, Philadelphia, in which was incorporated a provision empowering any attorney, in case of default, to enter into an amicable action in ejectment and confess judgment against defendant. Defendant died on September 1, 1938, and on March 27, 1941, an attorney at law executed an amicable action in ejectment and thereon confessed judgment "against defendant, Sam Kauffman, and all persons claiming under, by, or through him."

David B. Davidson, the real owner of 1700 South Sixtieth Street, petitioned this court for a rule to open the judgment upon the ground that defendant named in the judgment had died prior to the entry of the judgment. After argument before the court, but before the decision upon the rule, the petition was withdrawn. Subsequently the present rule to strike off the judgment on the same ground, to wit, that the said Sam Kauffman died on September 1, 1938, was obtained upon the petition of Mina Kauffman, administratrix of the estate of Sam Kauffman, deceased. This petition shows that the letters of administration were not granted until March 27, 1941, two and a half years after the death of Sam Kauffman, and subsequent to the actual entry of the judgment in question. There is no averment in the petition that the mortgage is not in default, or that there is any defense on the merits. The judgment is in rem only. No

damages have been or can be assessed. Plaintiff has waived any right that it might have to costs, and there is no averment that decedent, Sam Kauffman, left any personal estate, or that the judgment would be a lien upon his real estate. As a matter of fact it was argued at the hearing of the petition and not denied that decedent left no personal estate, and it is clear that the time for obtaining a lien upon his real estate had expired before the entry of this judgment. It was further argued and not denied that the letters of administration bore a notation that they were taken out for the purpose of instituting a suit, presumably the filing of the petition at bar. Plainly plaintiff could not collect anything from decedent or his personal representative. The petition does not disclose anything that could harm or prejudice decedent or his personal representative, and it is apparent that the petition is brought in an attempt to bolster the effort of the real owner of the premises to set aside the judgment, which effort was without legal justification.

Plaintiff opposes the entry of a rule striking off the judgment on a number of grounds, inter alia, that the judgment is in rem, that the covenant in the mortgage in regard to the entering of an amicable action and confession of judgment runs with the land, and that the power of attorney to confess judgment is coupled with an interest, citing Chief Justice Marshall's opinion in Hunt v. Rousmanier's Administrators, 8 Wheat. 174, Justice Agnew's opinion in Lightner's Appeal, 82 Pa. 301, 305, Professor Mechem (Mechem on Agency, 2d ed. §574) and the A. L. I. Restatement of Agency, §139.

The reasoning in these authorities is very persuasive of plaintiff's position, but we do not consider that it is necessary to pass upon them for the reason that we are of the opinion that petitioner has shown no interest in the judgment nor that her decedent's estate is adversely affected in any way by the entry thereof. The petition is therefore dismissed.